# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:15-cr-00106 |
| | ) | Judge Trauger |
| DANIEL GLEN MYERS | ) | |

## MEMORANDUM AND ORDER

Pending in this criminal case is the defendant's "Motion to Clarify Sentence and Modification of Sentence and Motion on Speedy Trial Demand from Tennessee" (Doc. No. 68), in which he "seeks to clarify if he is entitled to halfway house or home confinement . . . and to determine if the court can dismiss a state detainer." At the time he filed his motion, the defendant was incarcerated in the Federal Correctional Institution in Manchester, Kentucky. Believing that he was to be released from federal custody on May 18, 2018, and facing state charges for which he thought he was under detainer and would be transferred directly into state custody, the defendant asked this court to modify his sentence to allow him to serve the final months on home confinement, so that before his federal sentence expired he could earn some money and deal with the state charges from his home in Coffee County, Tennessee. (*Id.* at 5.) The defendant filed this motion on January 10, 2018.

After being granted an extension of its deadline to respond to the motion, the government timely filed its response on March 30, 2018. (Doc. No. 72.) However, prior to this date, on March 15, 2018, the defendant was released from federal custody. (Doc. No. 72-2.) The government represents that the state Assistant District Attorney General prosecuting the charges against the defendant confirmed that he had appeared in state court to answer the charges and was released

pending trial on a $15,000.00 appearance bond. (Doc. No. 72 at 3.) The government further represents that it is unclear whether a state detainer was ever issued, or whether the defendant was released into state custody once his federal sentence expired. (*Id.* at 2 n.2.) The government argues that the instant motion has been rendered moot by the defendant's release from custody, and the fact that the defendant is able to defend against the state charges without complication from his federal conviction or sentence.

The court agrees with the government that the defendant's motion is moot. The defendant was sentenced to 1 year and 1 day in the custody of the Bureau of Prisons, with no supervision to follow. (Doc. No. 66.) He has served his sentence, and there are no collateral consequences of that sentence from which his motion seeks relief; therefore, the matter "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *cf. Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007) (finding appeal moot where "only relief that Brock sought in his habeas corpus petition was immediate consideration by the BOP of placement in a [community corrections center]," and he subsequently received such placement and then was actually released before appeal was heard).

Because "no actual injury remains which the Court could redress with a favorable decision" on the defendant's motion, *id.*, the motion is **DENIED AS MOOT**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge